

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2003

# Perkins v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Perkins v. Comm Social Security" (2003). *2003 Decisions.* Paper 179.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/179

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1612

ALVIN L. PERKINS,

Appellant

v.

JOANNE B. BARNHART,
Commissioner of Social
Security

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 02-cv-00329)
District Judge: Honorable Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

Before: ALITO, BARRY and AMBRO, Circuit Judges

(Opinion filed : October 28, 2003)

OPINION

AMBRO, Circuit Judge:

Alvin L. Perkins appeals the January 6, 2003 order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the Commissioner of Social Security Administration (the "Commissioner") who had denied Perkins's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434. Because we conclude that decision is supported by substantial evidence, we affirm.

## I.

Perkins originally applied for Disability Insurance Benefits on March 29, 2000. At the time of his application, Perkins was twenty-nine years old. Perkins has received vocational training and holds a high school diploma. He served in the military and has worked as a laborer, line worker, machine operator, warehouse worker and warehouse manager. He claims that his depression and asthma prohibit his participation in the workforce. The Commissioner denied Perkins's application.

Perkins timely filed a request for a hearing. After that, a hearing was held before an Administrative Law Judge ("ALJ"), who issued an opinion denying Perkins's application for Disability Insurance Benefits, based upon his finding that Perkins was not under a disability as defined in the Social Security Act. Perkins then filed a request for review of the hearing decision/order. The Appeals Council of the Social Security Administration subsequently denied Perkins's request for review of the ALJ's decision. Perkins next filed a complaint with the United States District Court for the Western District of Pennsylvania. That District Court denied Perkins's motion for summary judgment and granted the Commissioner's summary judgment motion. Perkins timely appealed.

2

## II.

We have jurisdiction of this appeal under 28 U.S.C. § 1291. We must determine whether the District Court correctly found the Commissioner's decision to be supported by substantial evidence; if so, the Commissioner's decision must be affirmed. 42 U.S.C. 405(g); Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Hartranft v. Apfel, 181 F.3d at 360; Stunkard v. Sec'y of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988).

## III.

Eligible disabled individuals are entitled to Disability Insurance Benefits. 42 U.S.C. §§ 401-434. To qualify as disabled, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is unable to engage in substantial gainful activity when "his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled and thus entitled to Disability Insurance Benefits, the Commissioner undertakes a five-step evaluation process. This process requires the

Commissioner to consider, in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4)(i) - (v); Sykes v. Apfel, 228 F.3d 259, 262-263 (3d Cir. 2000). If other work exists for the claimant, he will not qualify as disabled. Id.

### IV.

The ALJ fully and precisely applied the five-step process to reach his decision to deny Perkins's application for Disability Insurance Benefits. He relied on the record before him, including, *inter alia*, Perkins's medical history, psychiatric evaluation, numerous medical records spanning a four-year period, and Perkins's own statements. Because the ALJ's decision is so clearly supported by substantial evidence, we will not here recite his written opinion. See Appellant's App. at 013-022.

### *A.*

Perkins's arguments on appeal are unpersuasive. Perkins first argues that the ALJ "erred in finding that Claimant's depression was not a severe impairment, when substantial evidence established that the depression resulted in moderate symptoms and/or moderate impairment in social or occupational functioning." (Appellant's Br. at 12). As stated in Perkins's own words, substantial evidence established that his depression resulted in "*moderate* symptoms and/or

4

*moderate* impairment in social or occupational functioning." Id. (emphasis added). The ALJ exhaustively considered Perkins's depression.[1] Perkins's argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence.

### B.

Perkins next argues that "the ALJ erred in failing to make a finding as to what effect [Perkins's] depression would have in combination with [his] asthma on [his] ability to perform substantial gainful employment." (Appellant's Br. at 15). The ALJ's failure to consider expressly the combined effect of Perkins's asthma and depression on his ability to engage in gainful employment is potentially troubling. "[W]e will consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523; see also Plummer v. Apfel, 186 F.3d 422, 435 (3d Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(B)) (ordering the Commissioner on remand to "consider the combined effect of all of [claimaint's] impairments, physical and mental, in determining whether the claimant is entitled to disability benefits"). Yet the failure here is, at worst, harmless error.

Clearly, the ALJ found Perkins's depression so non-severe as not to merit any further consideration. The ALJ found that Perkins's depression causes him "no limitations in the area of performing his daily activities, in the area of social functioning, or in the area of concentration,

---

[1] "While the claimant testified that he sleeps during the day and has angry outbursts, this testimony is not supported by the weight of evidence in record." (Appellant's App. at 015). Among other things, the ALJ found that Perkins declined counseling for depression; cares for and plays with his five children, ages 8, 7, 4 and 9 month-old twins; cares for his personal needs; does laundry; mows the lawn; takes out the trash; vacuums; drives; watches TV; pays his own bills; exhibits an ability to think and concentrate; goes grocery shopping; and takes public transportation. Id.

persistence or pace. There is no evidence in record that [Perkins] has ever experienced episodes of decompensation." (Appellant's App. at 016). The ALJ relied, in part, on Perkins's own statements to reach his finding. Therefore, even if Perkins's depression had been expressly considered in combination with his asthma, it would have had no effect on the ALJ's decision.

### C.

Perkins's final argument in this appeal is that the ALJ "did not properly consider Claimant's complaints concerning the exertional limitations he suffers as a result of his asthma, as he equated the ability to perform activities of daily living with the ability to work at all exertional levels." (Appellant's Br. at 16). We find this argument to be unpersuasive.

In evaluating Perkins's ability to perform past relevant work, the ALJ found "the claimant has no exertional limitations. Due to his asthma, he must work in an environment controlled for heat, cold, dust, fumes, and odors." (Appellant's App. at 019). Then, in a later stage of his evaluation of Perkins's ability to perform past relevant work, the ALJ found that Perkins's "ability to work is compromised at all exertional levels due to his non-exertional limitations." (Appellant's App. at 020).

The ALJ then considered an impartial vocational expert's evaluation of the ability of a hypothetical individual with Perkins's limitations and abilities to engage in gainful work. The vocational expert found that jobs exist in significant numbers in the national economy at all exertional levels for a hypothetical individual with all of Perkins's limitations and abilities. Moreover, at the behest of Perkins's counsel, the vocational expert identified a great number of jobs requiring only a sedentary level of exertion.[2] In this context, at the least, Perkins fails step 5.

---

[2] Such sedentary exertional jobs included that of document preparer (120,000 jobs), bench assembly jobs (160,000 available), and hand packer (20,000 positions).

6

# V.

For these reasons, we find that the ALJ's decision was supported by substantial evidence in the record. We therefore affirm the January 6, 2003 judgment of the District Court upholding the Commissioner's denial of disability benefits.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge